UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| PATSY HILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-312-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Patsy Hilton ("Hilton" or "the Claimant") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, Hilton seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability and disability insurance benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hilton.

## I.     BACKGROUND

The Claimant filed an application for disability on December 31, 2002. After being denied initially and on reconsideration, Hilton requested a hearing before an ALJ on February 24, 2004. Hilton was 45 years old at the time of the ALJ's decision on December 20, 2004 (Tr. 22, 47). She has a GED and past relevant work as a substitute teacher and an Avon salesperson

(Tr. 57, 60, 105, 185-87).  The Claimant alleges disability due to "nerves" and depression (Tr. 88, 91).  However, after review of the medical evidence and Hilton's testimony, the ALJ determined that the Claimant was not disabled.

The ALJ found that Hilton had "severe" impairments consisting of dependent personality traits and a depressive disorder (Tr. 14).  Considering those impairments, ALJ determined that Hilton had the following residual functional capacity:

> The claimant would have some difficulty completing an eight-hour work day, five days a week without psychiatric symptoms, but retains the ability to perform simple, one to two step tasks and commands, relate adequately with others in a work setting, and adapt appropriately in a simple work setting.

(Tr. 21, Finding No. 6).

The ALJ concluded that Hilton could not perform her past relevant work (Tr. 21, Finding No. 7).  However, after hearing testimony from a vocational expert ("VE"), the ALJ determined that there were other jobs, existing in significant numbers in the economy, that Hilton could have performed, considering her residual functional capacity, age, education, and past work experience (Tr. 21, Finding No. 11).  Because Hilton could perform other work existing in the economy, she was found "not disabled" (Tr. 20-21).  20 C.F.R. §§ 404.1520(g), 416.920(g).

Hilton requested a re-hearing, which was denied January 18, 2005.  Hilton then appealed the ALJ's decision to the Appeals Board. Following its denial of Hilton's claim on August 10, 2005, an appeal to this Court followed.

## II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. §§ 404.1520(b), 416.920(b). Second, a claimant must show that she suffers from a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Hilton*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Hilton*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v.*

-4-

*Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.  Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## III.    ANALYSIS

Hilton argues that the decision of the Commissioner should be reversed because it is not supported by substantial evidence.  [Record No. 9]  Specifically, she argues that the ALJ presented a hypothetical to the VE which mischaracterized the extent of her mental impairments.  This mischaracterization led the VE to offer opinions as to the existence of jobs which the Claimant did not have the mental stability to perform.

Hilton argues that the ALJ mischaracterized the opinion of Dr. Wayne Ross Edwards as follows:

> [t]here is a vocational difference between the limitations opined by Dr. Edwards and the limitations given by the ALJ in the pertinent hypothetical to the vocational expert. (Tr. 119-120, 199).  Specifically, the Plaintiff submits that there is a likely vocational difference between an individual who "**may have**

difficulties completing eight hours a day, five days a week without psychiatric symptoms" and in [sic] individual who "**would have <u>some</u>** difficulty completing an eight-hour work day, five days a week without psychiatric symptoms. (emphasis in original)

[Record No. 9, pg. 5]

Interestingly, the Claimant appears to be arguing that she was prejudiced by the ALJ giving her the benefit of the doubt when he presented her mental state to the VE. [Record No. 9, pgs. 3-4] Dr. Edwards' opinion regarding the Claimant's medical state is that she "may have" difficulties, a statement which is clearly conditional in nature. (Tr. 119-120) The ALJ stated her mental condition was such that she "would have some" difficulties, a much more definite statement. (Tr. 18-19) Hilton cannot be objecting to the ALJ's more severe characterization of the likelihood of mental difficulties.

The only remaining possibility is that the Claimant is objecting to the ALJ's use of the phrase "some difficulties" instead of Dr. Edwards use of "difficulties". However, even if the Court were to accept that there is a meaningful, non-semantic distinction between the two, which it does not, this would be insufficient to cast doubt upon all the other evidence in the record.

Because the Court finds that the ALJ's characterization of the Claimant's mental state is supported by substantial evidence, the Court also finds that the hypothetical presented to the VE was proper. The VE determined that given Hilton's RFC, she was capable of performing a number of jobs in the local economy. This testimony is substantial evidence which supports the Commissioner's decision that Hilton is not disabled. *See Davis v. Secretary of Health and Human Services*, 915 F.2d 186, 189 (6th Cir. 1990). Because it is the Commissioner's duty to

-6-

evaluate the credibility of the VE's testimony, the Commissioner's decision should be affirmed. *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988); *see also Born v. Secretary of Health and Human Services*, 923 F.2d 1168 (6th Cir. 1990); *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224 (6th Cir. 1988).

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record, this Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1)     Plaintiff Patsy Hilton's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 21st day of March, 2006.



Signed By:

*Danny C. Reeves* DCR

United States District Judge